## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| ALEX BORREGO, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 3:22-cv-00067 |
| MAURY COBB, ATTORNEY AT LAW, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes ALEX BORREGO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MAURY COBB, ATTORNEY AT LAW, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over 18 years of age residing in El Paso County, Texas, which is located within the Western District of Texas.

5.   Defendant is a third party debt collector. Defendant is a limited liability company headquartered at 1827 1St. Ave North Unit 312, Birmingham, Alabama 35209. Defendant regularly collects debt from consumers in the state of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out Defendant's attempts to collect on a consumer debt ("subject debt") from Plaintiff.

8.   Upon information and belief, the subject debt stems from the purported default in connection with personal telecommunication services from T-Mobile.

9.   In early August 2021, Plaintiff started receiving calls from Defendant at his cellular number (915) XXX-0854.

10.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0854.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11.  Defendant has mainly used the phone number (833) 401-2052 when placing calls to Plaintiff's cellular phone, but upon information and belief, Defendant has called under other numbers as well.

12.  Upon information and belief, the above-referenced phone number ending in -2052 is regularly utilized by Defendant during its debt collection activity.

13.  Upon speaking with Plaintiff, Defendant stated that it was attempting to collect upon the subject debt.

14.  Plaintiff informed Defendant that he does not owe the subject debt and was recently the victim of identity theft.

15.  Defendant ignored the information provided by Plaintiff and indicated that it would continue to attempt to collect from Plaintiff.

16. Consequently, due to Defendant's harassing collection campaign, Plaintiff demanded that it stop calling.

17. Nevertheless, Defendant continued placing collection calls to Plaintiff's cellular phone despite his demands.

18.   Plaintiff has received numerous phone calls from Defendant since he demanded it to stop calling.

19.  On multiple instances, Plaintiff received multiple calls from Defendant in a single day after Plaintiff demanded that Defendant cease calling him.

20.  Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

21.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and alleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA § 1692c(a)(1) and § 1692d

28.   The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29.   Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone

in defiance of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant was notified by Plaintiff more than once that its calls were not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

### b.  Violations of FDCPA § 1692e

31.  The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32.  In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

33.  Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt. In spite of Plaintiff's explicit demand, Defendant continued to contact Plaintiff. Through its endless calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

### c.  Violations of FDCPA § 1692f

34.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35.  Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce

Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff, ALEX BORREGO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt;

f. Ordering Defendant to delete the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

40. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA §§ 392.302 and .304

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), prohibits debt collectors from engaging in harassing and abusive behavior such as "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. As described above, Defendant violated § 392.302(4) when it repeatedly and continuously called Plaintiff's cellular phone while knowing that Plaintiff did not wish to be called. Defendant made these calls with the intent to harass him.

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), prohibits debt collectors from "using . . . false representation or deceptive means to collect a debt or to obtain information concerning a consumer."

44. Defendant violated § 392.304(a)(19) of the TDCA when it falsely and deceptively represented to Plaintiff through its calling conduct that it can ignore Plaintiff's cease demand and proceed as it wanted.

WHEREFORE, Plaintiff, ALEX BORREGO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.   Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 25, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com